# IN THE COURT OF APPEALS 4/23/96

# OF THE

# STATE OF MISSISSIPPI

## NO. 94-KA-00207 COA

**WILLIE CHARLES TOWNSEND**

**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. MARCUS D. GORDON

COURT FROM WHICH APPEALED: SCOTT COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

ROY NOBLE LEE, JR.

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

DISTRICT ATTORNEY: KEN TURNER

NATURE OF THE CASE: ROBBERY

TRIAL COURT DISPOSITION: CONVICTED OF ROBBERY AND SENTENCED AS A
HABITUAL OFFENDER TO FIFTEEN (15) YEARS IMPRISONMENT IN THE CUSTODY OF
THE MISSISSIPPI DEPARTMENT OF CORRECTIONS

BEFORE THOMAS, P.J., BARBER, AND SOUTHWICK, JJ.

THOMAS, P.J., FOR THE COURT:

Townsend was convicted of robbing the Papa's Pizza To Go in Morton, Mississippi, on February 11, 1993. Noting that he had six prior convictions, the trial court sentenced Townsend as a habitual offender to serve a term of fifteen years consecutively to any other sentence. Townsend was later sentenced to a term of twenty- five years in a different matter. Townsend also has a thirty- three year sentence on appeal. Feeling aggrieved, Townsend appeals, assigning only one issue as error --that he was effectively sentenced to a life term since he will not be eligible for parole during his remaining life expectancy. Finding no merit to this issue, we affirm.

Townsend argues that since he has a remaining life expectancy of less than thirty- three years, the trial court improperly sentenced him to a term longer than his remaining life. Although it is unclear from the record, Townsend was apparently subsequently convicted of another crime and sentenced to a term of twenty-five years. Since these combined sentences exceed his life expectancy, Townsend argues that the trial court improperly sentenced him to a life term, rather than the maximum statutory penalty of fifteen years.

Since Townsend did not object to the sentence at the time it was imposed, he is procedurally barred from raising this issue on appeal. Questions not presented to the trial court will not be decided on appeal. *Butler v. State,* 608 So. 2d 314, 320 (Miss. 1992); *Billiot v. State*, 454 So. 2d 445, 465 (Miss. 1984); *Colburn v. State*, 431 So. 2d 1111, 1114 (Miss. 1983). Even if it were not procedurally barred, this issue is without merit. The trial judge properly sentenced Townsend to the statutorily mandated maximum penalty of fifteen years. Miss. Code Ann. § 97-3-75 (1972). The Mississippi Supreme Court has addressed this precise issue in *Harper v. State*, 463 So. 2d 1036 (Miss. 1985). As recognized by the *Harper* court, this argument must fail because Townsend could forseeably go unpunished for this crime by outliving his life expectancy. Further, courts would be unable to sentence defendants already serving sentences approaching their life expectancy for subsequent crimes. *Id.* at 1041-42.

Although citing no authority, Townsend also argues that two of his prior convictions should not have been considered by the trial court in sentencing because they were over ten years old. The habitual offender statute provides that "[e]very person convicted in this state of a felony who shall have been convicted twice previously of any felony . . . upon charges separately brought and arising out of separate incidents . . . shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation." Miss. Code Ann. § 99-19-81 (1972). Since there is no time limit provided by statute, this issue is without merit.

**THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT OF CONVICTION OF ROBBERY AND SENTENCE TO FIFTEEN (15) YEARS WITHOUT PAROLE TO RUN CONSECUTIVELY TO PRIOR SENTENCE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS ARE ASSESSED TO SCOTT COUNTY.**

**FRAISER, C.J., BRIDGES, P.J., BARBER, COLEMAN, DIAZ, KING, McMILLIN, PAYNE, AND SOUTHWICK, JJ., CONCUR.**